UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02526

**Garza Hernandez,**
*Petitioner,*
v.
**Blanche, et al.,**
*Respondents.*

## ORDER

Jesus Garza Hernandez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing, a declaration that his continued detention is unlawful, and an injunction against transferring him outside the Western District of Texas or removing him from the United States without advance notice while this matter is pending. Because his detention is lawful, his petition and request for injunctive relief are denied.

## BACKGROUND

Petitioner last entered the United States without inspection in or around 2008. Petitioner was detained by federal immigration authorities on August 27, 2026, following a traffic stop and was transferred to the T. Don Hutto Detention Center in Taylor, Texas where he is currently detained.

On September 14, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not

be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and

Nationality Act (INA), and the Suspension Clause. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's INA and Suspension Clause arguments fare no better for the reasons set forth in Parts I and IV of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). Petitioner's INA claim fails because the Fifth Circuit has held that aliens similarly situated to Petitioner are "'seeking admission'" to the United States and thus "subject to [the INA's] mandatory detention command." *Id.* at 722. And Petitioner's suspension clause argument is meritless because "detained aliens under section 1225(b)(2)(A) have been

challenging, and continue to challenge, the lawfulness of their detention through petitions for writs of habeas corpus filed in district courts across the country." *Id.* at 727 (collecting cases).

Petitioner is also not entitled to an injunction against his transfer outside the Western District of Texas or his removal from the United States without advance notice. Petitioner presents no persuasive reason for the Court to enjoin Respondents from transferring him outside the Western District of Texas without notice. Transfer would not deprive this Court of jurisdiction over Petitioner's petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court [where he originally filed his petition] retains jurisdiction[.]"). And Petitioner has provided no reason why his transfer with or without notice would be unlawful. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). Petitioner likewise presents no persuasive reason for the Court to enjoin Respondents from removing him from the United States without notice. The Court would lack jurisdiction to challenge a removal order. *See* 8 U.S.C. § 1252(g); *Fabuluje v. Immigr. & Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (per curiam) ("the district court correctly determined that it was without jurisdiction to consider [the] request for a stay of the removal proceedings"); *Idokogi v. Ashcroft*, 66 F. App'x 526, 526 (5th Cir. 2003) (per curiam) (same). Respondents are under no obligation to notify Petitioner or the Court prior to transferring or removing Petitioner. As this order explains, Petitioner's detention is, in fact, lawful. Petitioner's request for injunctive relief is denied.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 17, 2026.*

ANDREW DAVIS
United States District Judge